IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RYAN SAVINELL,                                                                                      PLAINTIFF

v.                                              CIVIL ACTION NO.:  4:14cv18-MPM-DAS

CHRISTOPHER EPPS, et al.,                                                                  DEFENDANTS

## ORDER

This matter comes before the Court upon consideration of the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge dated May 30, 2014, and the objections thereto.

Plaintiff objects to recommendation that Christopher Epps be dismissed from this action. Plaintiff argues that the penitentiary's Inmate Legal Assistance Program (ILAP) blocks his access to the courts, because it does not allow him direct access to the law library.  Specifically, he alleges that if he had direct access to legal materials when he was first convicted of a criminal offense in 2004, he would have had his sentence vacated and would have gone to college or obtained employment rather than continuing to commit the criminal acts that led to the conviction for which he is currently incarcerated.  He maintains that because Christopher Epps is the Commissioner of the Mississippi Department of Corrections, he is responsible for the ILAP system.

There is no rational connection between Plaintiff's current conviction and the legal assistance he received at the penitentiary in 2004.  Moreover, Plaintiff has been able to initiate this § 1983 action and currently has a federal habeas petition pending before the Court.  Plaintiff

has not demonstrated that any action of Defendant Epps has prevented him from pursuing a legal claim. *See, e.g., Lewis v. Casey*, 518 U.S. 334, 349-52 (1996) (holding that a prisoner stating a claim for denial of access to the courts must establish a "relevant actual injury"). Plaintiff's objections are not well taken.

Additionally, the Court notes that Plaintiff has submitted a volume of correspondence in this action that relates to his criminal conviction. Plaintiff has a separate habeas action pending. This § 1983 action involves Plaintiff's claim that Defendants failed to protect him from harm. Accordingly, Plaintiff should limit his pleadings and correspondence in this cause number to only address his claim that Defendants failed to protect him from harm.

Therefore, it is **ORDERED**:

1. That Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. That the Report and Recommendation of the United States Magistrate Judge dated May 30, 2014, is hereby **APPROVED AND ADOPTED** as the opinion of the Court;

3. That Defendants Christopher Epps and Earnest Lee are **DISMISSED** from this cause;

4. That Plaintiff's claims against the remaining Defendants will **PROCEED**; and

5. That Plaintiff limit his filings under this cause number to those pleadings addressing his claim that Defendants failed to protect him from harm, and that the Clerk place any documents not styled as a motion or other pleading in Plaintiff's correspondence file.

**THIS** the 27th day of June, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**